

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| IN RE: SEARCH WARRANT | )<br>)<br>) | No.   1:17sw 3 7 |

### GOVERNMENT'S MOTION TO SEAL THE AFFIDAVIT IN SUPPORT OF SEARCH WARRANT APPLICATION PURSUANT TO LOCAL RULE 49(B)

Pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, the United States asks for an Order to Seal the affidavit in support of the application for a search warrant, until the United States makes a motion to unseal it, except that the affidavit may be provided to the defense in *United States v. Nicholas Young,* No. 1:16cr265.

I.        REASONS FOR SEALING (Local Rule 49(B)(1))

The holder of two of the accounts at issue, Nicholas Young, was arrested in August 2016, and charged with attempting to provide material support to a designated terrorist group, in violation of 18 U.S.C. § 2339B.  The investigation into Young's activities is continuing.  While the affidavit likely will be discoverable, premature disclosure of the application for the warrant and the affidavit in support of the application may jeopardize an ongoing criminal investigation by revealing to other targets a method of investigation used against both Young and those other targets.  Revelation to the other targets may lead such targets to destroy evidence, tamper with potential witnesses, or flee.  Sealing the affidavit except subject to its disclosure to defendant Young will enable defendant Young to see the affidavit in the course of pre-trial discovery while

still protecting the government's interest in protecting its methods of investigation from discovery by other targets.

## II.    REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

"The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Court has the inherent power to seal affidavits in support of warrants to protect an ongoing investigation. *Times Mirror Company v. United States*, 873 F.2d 1210, 1213 n.3 (9th Cir. 1989). Sealing warrant applications is appropriate where there is a substantial probability that release of the sealed documents would compromise the government's on-going investigation. *Media General Operations, Inc. v. Buchanan*, 417 F.3d 424, 430-31 (4th Cir. 2005). *See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

Sealing should be narrowly tailored to balance the values furthered by sealing (including the protection of ongoing criminal investigations) against the values furthered by unsealing (including the enhancement of the public's ability to evaluate the performance of the investigators). *Baltimore Sun v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989). In this case, the investigation cannot be protected without sealing the application subject to the terms of a protective order regarding the use of information provided in pre-trial discovery.

## II.    PERIOD OF TIME GOVERNMENT SEEKS
##          TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

Pursuant to Local Rule 49(B)(3), the affidavit in support of the application for a search warrant should remain sealed until the United States moves to unseal it, except that it may be provided to the defense in *United States v. Nicholas Young*, No. 1:16cr265.

WHEREFORE, the United States respectfully requests that the affidavit in support of the

application for a search warrant be sealed.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____

Gordon D. Kromberg
Assistant United States Attorney